UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUXON DORSAINVIL,
on his own behalf and others similarly situated,
                Plaintiff,

v.

JM PROTECTIVE SERVICES, INC.
a Florida Profit Corporation dba MEZ SECURITY SERVICES, INC., and
JAMES A. MESIDOR, an individual,
                Defendants.
_____/

## COMPLAINT

1. Plaintiff, LUXON DORSAINVIL (hereinafter referred to as "Plaintiff"), was an employee of Defendants, JM PROTECTIVE SERVICES, INC. a Florida Profit Corporation dba MEZ SECURITY SERVICES, INC., and JAMES A. MESIDOR, an individual (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for breach of employment contract, minimum wage violation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiff performed non-exempt work as a laborer and related activities in Palm Beach County, Florida.

3. Plaintiff worked as a patrol and security officer for JM PROTECTIVE SERVICES, INC.

4. All work performed by Plaintiff during Plaintiff's working hours was for the benefit of Defendants.

5. At all times material hereto, Plaintiff and similarly situated employees were employees of Defendants within the meaning of the FLSA.

6. Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

7. Plaintiff and similarly situated employees wore uniforms and/or used items such as motor vehicles, closed circuit televisions, two-way radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce.

8. JM PROTECTIVE SERVICES, INC., a Florida Profit Corporation dba MEZ SECURITY SERVICES, INC., is a security guard company serving all of Southern Florida.

9. JM PROTECTIVE SERVICES, INC. provides uniformed security officers, armed security guards, off duty police officers, concierge and front desk services, patrol services, security consulting, armed transport, estate security, commercial and retail building security, loss prevention, bodyguards, dignitary & diplomat protection, camera installation and/or monitoring closed circuit television (CCTV).

10. JM PROTECTIVE SERVICES, INC. is a business that accepts all major credit cards as a form of payment.

11. The supplies and equipment used by JM PROTECTIVE SERVICES, INC. and its employees have traveled in interstate commerce.

12. JM PROTECTIVE SERVICES, INC. is present on the internet and markets itself to potential clients outside the state of Florida. Specifically, JM PROTECTIVE SERVICES, INC. has a website, Facebook Page, and advertises MEZ SECURITY SERVICES, INC.'s services on various internet websites.

13. Plaintiff was employed by Defendants during the three year period preceding the filing of this lawsuit.

14. Plaintiff was routinely scheduled to work five (5) days weekly consisting of eight (8) hour shifts.

15. Plaintiff was hired on or about April 2015 and his last work day was December 4, 2015.

16. Defendants failed to properly credit Plaintiff for all hours worked.

17. Defendants failed to properly record the hours worked by Plaintiff.

18. Plaintiff was paid an hourly rate of $9.00 during the entire period of his employment.

19. Plaintiff routinely worked a forty (40) hour work week during his employment with Defendants.

20. Defendants would make improper deductions from Plaintiff's pay.

21. Defendants did not credit Plaintiff for all hours worked.

22. During certain periods of Plaintiff's employment, Defendants failed to compensate Plaintiff for his hours worked.

23. Defendants deducted on a bi-weekly basis one hundred and eighty dollars ($180.00) from Plaintiff's compensation.

24. Defendants deducted on a bi-weekly basis one hundred and eighty dollars ($180.00) from Plaintiff's compensation as "banked hours" but never compensated Plaintiff for those hours.

25. Plaintiff repeatedly requested compensation from his banked hours, but Defendants have failed to compensate Plaintiff.

26. Plaintiff has repeatedly requested compensation from his banked hours for days when he was not able to work since Defendants had explained that those banked hours were compensatory hours for when Plaintiff was not able to work.

27. The bi-weekly deduction of one hundred and eighty dollars ($180.00) has resulted in Plaintiff receiving less than the applicable minimum wage for his hours worked.

28. Defendants' compensatory time off system does not comply with the Fair Labor Standards Act.

29. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint JM PROTECTIVE SERVICES, INC. dba MEZ SECURITY SERVICES, INC. was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

30. The services provided by JM PROTECTIVE SERVICES, INC. require Defendants to procure services, supplies, and equipment outside the state of Florida.

31. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

32. Plaintiff was individually engaged in commerce due to the nature of his work.

33. This action is brought to recover from Defendants unpaid wages and minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

34. At all times material hereto, individual Defendant, JAMES A. MESIDOR, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates JM PROTECTIVE SERVICES, INC. and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of JM PROTECTIVE SERVICES, INC. By virtue of such control and authority, JAMES A. MESIDOR is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

35. JAMES A. MESIDOR interviewed and hired Plaintiff.

36. Plaintiff reported directly to JAMES A. MESIDOR

37. JAMES A. MESIDOR was Plaintiff's manager.

38. JAMES A. MESIDOR is an officer of JM PROTECTIVE SERVICES, INC.

39. JAMES A. MESIDOR is the president and manager of JM PROTECTIVE SERVICES, INC.

40. JM PROTECTIVE SERVICES, INC. managed the daily operations of JM PROTECTIVE SERVICES, INC.

41. JAMES A. MESIDOR had the authority to hire and fire Plaintiff as well as manage his daily work schedule.

42. JAMES A. MESIDOR terminated Plaintiff's employment.

43. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and who were not credited for all hours worked during their employment with Defendants and/or received the applicable minimum wage on or before April 2013.

44. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff in compliance with Title 29 U.S.C. § 201-209.

45. Based upon information and belief, the annual gross sales volume of JM PROTECTIVE SERVICES, INC. was in excess of $500,000.00 per annum during the relevant time period.

46. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid the minimum hourly wage for their hours worked.

47. Likewise, the other employees similarly situated to Plaintiff regularly worked for Defendants and did not receive the minimum hourly wage for their hours worked. .

48. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

## COUNT I, MINIMUM WAGE VIOLATION

49. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 48 above.

50. Plaintiff, LUXON DORSAINVIL, is entitled to be paid at the applicable minimum wage rate of pay for each hour he worked during his employment with Defendants, JM PROTECTIVE SERVICES, INC. dba MEZ SECURITY SERVICES, INC. and JAMES A. MESIDOR.

51. However, during the period of Plaintiff's employment, Plaintiff performed work for Defendants for which he was not paid at least the applicable minimum wage required by law.

52. Defendants compensated Plaintiff without taking into consideration the applicable minimum wage or the true hours that Plaintiff worked resulting in Plaintiff receiving a compensation that is below the minimum wage for certain hours worked.

53.     Defendants agreed to compensate Plaintiff nine dollars ($9.00) hourly at forty (40) hours weekly, Plaintiff's gross pay should have been $360.00 weekly.

54.     On a weekly basis Defendants deducted ninety dollars ($90.00) from Plaintiff's weekly compensation.

55.     Defendants deducted one hundred and eighty dollars ($180.00) each biweekly pay period from Plaintiff's compensation.

56.     Irrespective of the $9.00 hourly rate that Defendants agreed to compensate Plaintiff, after the unauthorized deductions from Plaintiff's compensation, Plaintiff was receiving $6.75 hourly.

57.     Defendants' deductions resulted in Plaintiff receiving $270.00 gross per week for a 40 hour work week.

58.     Defendants failed to compensate Plaintiff at the applicable minimum wage for certain weeks of work during the period of his employment.

59.     Plaintiff demanded proper compensation from Defendants on several occasions and Defendants refused to compensate Plaintiff for all hours worked.

60.     After Plaintiff's termination, Plaintiff continued to request compensation for the banked hours from Defendants and Defendant has failed to compensate Plaintiff for the banked hours.

61.     Defendants willfully failed to pay Plaintiff at the applicable minimum wage for all of his hours worked, contrary to the requirements of Section 6 of the FLSA (29 U.S.C. §206).

62.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages.

63.     Plaintiff has retained the undersigned counsel to represent him in this action and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all    reasonable attorney's fees and costs incurred in this action.

64.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LUXON DORSAINVIL, and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, JM PROTECTIVE SERVICES, INC. dba MEZ SECURITY SERVICES, INC., jointly and severally, for compensatory damages, an additional equal amount of

liquidated damages, together with costs and attorney's fees pursuant to the FLSA and such other further relief as this Court deems just and proper, including trial by jury.

**WHEREFORE**, Plaintiff, LUXON DORSAINVIL, and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, JM PROTECTIVE SERVICES, INC. and JAMES A. MESIDOR, for the payment of all compensation due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the compensation awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

### COUNT II, BREACH OF EMPLOYMENT AGREEMENT

65.    Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 48 above.

66.    On or about April 2015, Plaintiff was hired by Defendants, JM PROTECTIVE SERVICES, INC. dba MEZ SECURITY SERVICES, INC. and JAMES A. MESIDOR.

67.    Defendants agreed to compensate Plaintiff at the hourly rate of $9.00.

68.    Defendants elected without Plaintiff's authorization to deduct $90.00 weekly totaling $180.00 biweekly from Plaintiff compensation.

69.    Plaintiff repeated requested the funds that were deducted from his compensation and Defendants have failed to return the earned funds to Plaintiff for the work that he performed for Defendants.

70.    Plaintiff was informed each time that he requested the deducted funds from Defendants that he would receive the money that was deducted from his compensation as compensatory time off or at the end of his employment, but since Plaintiff's employment ended on Defendants have not compensated Plaintiff for the funds that were deducted from his pay.

71.    Plaintiff did not receive the proper amount of compensation as agreed to by Defendants.

72. Plaintiff worked from approximately April 2015 through December 4, 2015.

73. As a direct and proximate result of Plaintiff's efforts described in the paragraphs immediately above, and/or during the time the agreement between Plaintiff and Defendants was in full force and effect, Defendants profited from Plaintiff's labor.

74. During the time the agreement between Plaintiff and Defendants was in full forceand effect, Defendants were compensated by their clients as a result of the work performed by Plaintiff.

75. Defendants violated the agreement to pay Plaintiff when Defendants regularly deducted from Plaintiff's compensation and or deducted from the hours actually worked by Plaintiff.

76. Pursuant to the agreement between Plaintiff and Defendants, Plaintiffis entitled to agreed upon compensation structure for all work performed for the benefit of Defendants.

77. At all times material hereto, Plaintiff, worked for Defendants and declined the opportunity to work with other companies based on the above agreement.  As a direct and proximate result thereof, Plaintiff sustained a loss of income, revenue and/or goodwill.

78. Plaintiff requested payment from Defendants pursuant to their agreement, but Defendants refused to comply.

79. In breach of the agreement between Plaintiff and Defendants, Defendants, without cause, terminated Plaintiff's employment and failed to pay Plaintiff pursuant to the terms of the agreement.

80. Plaintiff's agreed compensation was above minimum wage and even if Plaintiff prevails on Count 1 herein, Defendants would owe Plaintiff the agreed wage differential.

81. Prior to filing this action, Plaintiff has performed all conditions precedent to be performed on his part pursuant to the subject contract and/or said conditions have been waived.

82. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LUXON DORSAINVIL, requests that judgment be entered against Defendants, JM PROTECTIVE SERVICES, INC. dba MEZ SECURITY SERVICES, INC. and JAMES A. MESIDOR., jointly and severally, for damages in an amount to be determined at trial, including pre and post judgment interest; incidental and consequential damages resulting from the breach of the contract, including but not limited to the loss of revenue resulting from LUXON DORSAINVIL working for JM PROTECTIVE SERVICES, INC. dba MEZ SECURITY SERVICES, INC. and JAMES A. MESIDOR., individually; and other such relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 21 day of April 2016

Respectfully submitted,

        **s/Maguene D. Cadet**
        Maguene D. Cadet, Esq., FBN. 0591361
        Email: Maguene@DieudonneLaw.com
        Law Office of Dieudonne Cadet, P.A.
        2500 Quantum Lakes Drive, Suite 203
        Boynton Beach, Florida 33426
        Telephone: 561-853-2212
        Facsimile: 561-853-2213
        Attorney for Plaintiff